## HALL v. HUNTER.

If an instruction asked, appears to be legally correct, the refusal of the court to give it will not be deemed erroneous, unless it appears to have been applicable to the case.

Where a purchase was made under an agreement to pay a certain amount at a future day, and to give a note for the same ; and where the purchaser refused to give the note, the amount, in consequence of such refusal, cannot be considered as due before the time stipulated.

If a party agrees to give the note of a third party, in full payment of a balance due from him, and fails to deliver the note, as agreed, when requested, the amount may be sued for as a cash demand.

A party cannot sue for and recover money before it becomes due, even if the debtor refuses to give his note for the amount payable at the time stipulated.

A court is justified in refusing an instruction which is calculated to mislead the jury, although it may state a principle of law correctly; or the court may give such instruction in a modified form, so as to present the law applicable to the facts, more appropriately and intelligibly to the jury.

Where the evidence is conflicting, and where the court overruled the motion for a new trial, based, in part, upon the insufficiency of the testimony to sustain the verdict, this court will not disturb the judgment, unless it is apparent of record that there was no evidence before the jury upon some point in the case so material that, in the absence of proof upon it, the verdict could not be justified.

*Appeal from Johnson District Court.*

*Opinion by* GREENE, J. The transcript discloses but little of the history of this case. It appears that the suit was commenced before a justice of the peace. But it does not appear upon what the action was founded, or what issue was tried before the jury. The verdict of the jury in the district court informs us, " that the said Adam Hunter did not promise in manner and form as the said Green Hall hath complained against him."

The plaintiff filed a motion to set aside the verdict and grant a new trial. The motion was refused. In this, it is claimed the court erred, and eight reasons are assigned which we will briefly consider under three heads :

.Hall *v.* Hunter.

1. The court refused to give the following instructions, asked by the plaintiff: "That if the jury believe from the evidence, that Adam Hunter, the defendant, purchased the horse of the plaintiff, either in peron or by his agent, and pay the balance of fifty dollars in a note due at a *future period*; and that on request, Hunter refused to give said note, the jury will find a verdict for the plaintiffs." If this proposition states the law correctly, it may still be questioned whether it was applicable to the case before the court. The record does not show the nature of the action, nor the issue submitted to the jury. A portion of the evidence is set forth in the bill of exceptions, but that does not sufficiently advise us of the true condition of the case and of the issue joined. This court decided in *Tryon* v. *Oxley*, 3 G. Greene, 289 ; that if the instruction asked, had even been a correct legal proposition, it would not have been error to refuse it, unless it appeared applicable to the evidence before the jury, and the merits of the case as presented by the parties. If the instruction asked was correct in law, we could not with propriety say that the court erred in refusing it, unless it appeared applicable to the case. By calling to our aid the alternative instruction given by the court, in place of the instruction refused, together with the evidence of record, it might be safely assumed that the instruction asked was not strictly appropriate.

The rejected instruction refers merely to a note due at a future period. The substitute given by the court refers to a note on a third person, and also to the parties' own note, payable at a future period, and instructs the jury correctly, clearly and appropriately under each description of note. Under the rejected instruction, the jury were directed to arrive at the same conclusion, whether the note was to be made by defendant, or to be the note of some third party. In this particular, it is vague and uncertain. If abstractly correct, we think the rejected instruction is not sufficiently explicit or sufficiently appropriate to render a new trial nec-

essary. But, is it correct? We think not. If correct, it is a principle that we have not yet discovered, and which we should be sorry to recognize as law. The instruction asks the court to adopt as law this doctrine : That where a man contracts a debt payable at a future day, and fails to give his note as agreed, he becomes at once liable to pay the amount, and suit may be maintained against him before the payment becomes due. We think it would be difficult to find any authority to sustain this doctrine.

The instruction asked, assumes that the failure to give the note for the amount due at a future day, would change the terms of the liability so as to make the amount due and payable *at once.* The plaintiff might, perhaps, in such case, sue specially for the note under the special contract to furnish the same, but he could not sue for the amount of the debt until the same became due.

2. The instruction given by the court below, in place of the one refused, is alleged to be erroneous. It was given to the jury as follows :

" That if they believed from the evidence that Adam Hunter, the defendant, purchased said horse of the plaintiff, either in person or by his agent, and was to give the two colts and the balance in a note of fifty dollars on a third person, which note was to operate as an absolute payment of said balance of fifty dollars, and the said Hunter refused to give said note on demand, that in that case they would find for the plaintiff; but if the jury believed from the evidence that the said balance of fifty dollars was to be paid at a future period, agreed upon by the parties, and that the said Hunter was to give his own note therefor, payable at said future period, and that the said Hunter refused to give his note, that in that event the said plaintiff was not entitled to recover ; the said time for which the credit was to run not having expired." This instruction embraces all the law contained in the rejected instruction, and applies the law appropriately to two given statements of facts.

If the jurors found that Hunter agreed to give the note of some third person in absolute payment of the balance agreed upon, and if Hunter refused to deliver the note to Hall, on demand, then upon such failure to make payment as agreed, it became a money demand, and plaintiff might recover accordingly. This is upon the principle that a note payable in property becomes a cash note if the payor fails to make the payment at the time and in the manner specified. So this division of the instruction contemplates the facts that the demand was to be paid in the note of a third party, and that the defendant failed to make the payment as agreed, consequently it became at once a cash demand.

The other branch of this instruction simply announces the proposition that a man cannot sue for and recover money before it becomes due, not even if the debtor refuses to give his note for the amount. It is the very converse of the doctrine contained in the rejected instruction.

This, and the other instructions given by the court, appear to cover the entire case, and embrace all the law clearly stated and applied to the given facts. Without the rejected instruction the jury would be likely to arrive at a correct conclusion; with it, their views would most likely have been embarrassed, confused and uncertain.

A court is justified in refusing an instruction which is likely to mislead the jury, although it may state a principle of law correctly. Or the court may, as in this case, give the instruction in such a modified form as to present the law applicable to the facts more appropriately and intelligibly to the jury.

The great object in charging jurors is to instruct them in the law of the case, the most appropriately, concisely and clearly, so that they may have no difficulty in arriving at a legal conclusion upon the facts as they may find them. If a special instruction asked is calculated to defeat this object, it becomes the duty of the court either to refuse it unconditionally, or to give it under such modifications as

would be likely to remove or correct that which might mislead the jurors. Such was the action of the district court in the case at bar, and we think it worthy of imitation in all similar cases.

3. It is objected that the court below erred in refusing a new trial, on the ground that the verdict was contrary to evidence. We have carefully examined the evidence set forth in the bill of exceptions, and cannot discover that it is so in conflict with the verdict as to justify a new trial. The district judge and jurors had the witnesses before them, and were in a better condition to judge of their credibility, and therefore much better qualified to weigh and reconcile the conflicting portions of testimony than those who did not see and hear the witnesses. In such a case we should be very reluctant to disturb the verdict, on the ground of insufficient testimony.

In a case like the present, where the evidence is conflicting, and where the court below overruled the motion for a new trial, based in part upon the insufficiency of the testimony to sustain the verdict, this court will not disturb the verdict, unless it is apparent, of record, that there was no evidence before the jury upon some point in the case so material that in the absence of proof upon it the verdict could not be justified.

Judgment affirmed.

*J. D. Templin*, for appellant.

*Wm. Penn Clarke*, for appellee.